**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| SUKHWINDER SINGH | CIVIL ACTION NO. 26-3516 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN, JACKSON PARISH CORRECTIONAL CENTER, ET AL | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Sukhwinder Singh ("Singh") has filed a petition for a writ of habeas corpus, Record Document 1, and a motion for temporary restraining order, Record Document 3. The habeas petition, Record Document 1, is **REFERRED** to the Magistrate Judge for recommendation. For the following reasons, the motion for temporary restraining order, Record Document 3, is **DENIED**.

Singh's motion for a temporary restraining order turns on his request for immediate release. Record Document 3, at 2. As such, Singh's motion mirrors the same relief demanded in his habeas petition. "Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now…The Court will not allow Petitioner to commit an end-run around the habeas process." *Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025).

Singh argues that he seeks only to restore the status quo. Record Document 3 at 10. "While the words 'status quo' do not appear within Rule 65…, it is implicit in the 'irreparable harm' prong… Irreparable harm must also take away 'the court's

ability to render a meaningful decision on the merits.'" *Singh v. Lyons*, No. 26-0916, 2026 WL 810555, at *2 (W.D. La. Mar. 24, 2026) (Citing *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)). The relief requested is not restoring the status quo but an attempt to accelerate a ruling on his habeas petition.

**DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of September, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE